The **CITY OF LOS ANGELES,** a municipal corporation, Petitioner,

v.

**FEDERAL MARITIME COMMISSION,**

and

**United States of America,**
Respondents,

**Matson Navigation Company, City of Oakland,** Intervenors.

No. 20760.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 10, 1967.

Decided Nov. 17, 1967.

Mr. Walter C. Foster, Los Angeles, Cal., with whom Mr. Edward C. Farrell, Los Angeles, Cal., was on the brief, for petitioner.

Mr. Joseph F. Kelly, Jr., Attorney, Federal Maritime Commission, with whom Asst. Atty. Gen. Donald F. Turner, Messrs. James L. Pimper, General Counsel, Robert N. Katz, Solicitor, Federal Maritime Commission, Walter H. Mayo, III, Attorney, Federal Maritime Commission at the time the brief was filed, and Irwin A. Seibel, Attorney, Department of Justice, were on the brief, for respondents.

Mr. J. Kerwin Rooney, Oakland, Cal., with whom Mr. Robert S. Burk, Washington, D. C., was on the brief, for intervenors.

Before EDGERTON, Senior Circuit Judge, and TAMM and LEVENTHAL, Circuit Judges.

PER CURIAM:

This is a petition to review an order of the Federal Maritime Commission issued on December 14, 1966,[1] approving two agreements[2] between the City of Oakland (Oakland) and Matson Navigation Company (Matson) pursuant to which Oakland will lease to Matson certain wharfage facilities at a flat monthly fee. The Commission's order of approval was made subject to a hearing to be held thereafter at which disputed factual issues raised as protests to approval by petitioner and Encinal Terminal[3] could be aired. The protests made by petitioner before the Commission raised several matters including the inherent legality of a flat rental fee lease by a port which has a general tariff, the reasonableness of the term of the leases in light of the statutory proscriptions, and the adequacy of the compensation provided for in the agreements.

The preamble of the Commission's order made it clear that it was rejecting as a matter of law the essentially legal contentions of petitioner that the agreements were inherently invalid. The other contentions which revolved around petitioner's allegation that the agreement would produce effects which would violate the Act were left for resolution by evidentiary hearing.

■ The question arises whether we have jurisdiction where no order may finally ensue. When, as here, an order is phrased as an order of approval subject only to exploration of particulars, we believe that the sound course is to review the order to the extent that it grants present approval.[4]

Petitioner raises a procedural contention that the Commission could not extend any approval because no evidentiary hearing was held. The Commission asserts as an answer that the statute only requires a hearing before disapproval, cancellation, or modification of an agreement. We are not disposed to accept the view that even where there is a sharp evidentiary question on a material fact the Commission could dispense with a hearing and confer approval.

---

1. F.M.C. Docket No. 66-68.

2. Agreement T-1953 is a twenty year lease granting to Matson terminal property and berthing area at a fixed rental of $26,000 per month. The agreement also contains an option in favor of Matson to last for ten years under which additional property may be leased. Agreement T-1953A is a twenty year lease of property adjacent to the property involved in T-1953 at a fixed rental fee of $3,333.33 per month.

3. Encinal Terminal is a California corporation which participated in the proceedings before the agency but which did not seek review of the agency order.

4. See Isbrandtsen Co. v. United States, 93 U.S.App.D.C. 293, 211 F.2d 51, cert. denied, 347 U.S. 990, 74 S.Ct. 852, 98 L. Ed. 1124 (1954). In approving the Matson-Oakland agreements subject to a subsequent hearing, the Commission acted reasonably in considering "the impending improvement and construction involved, and the financial arrangements that must be undertaken to proceed with the project."

However, insofar as the Commission has taken a final position in the instant order, it has done so on a question of law. Whatever hearing is required where the issue is one of law and there are no facts in dispute, it is not a full fledged evidentiary hearing of the type which petitioner claims is necessary.[5]

So far as the merits on the questions of law properly before us are concerned, we fail to see any meaningful distinction between Los Angeles' arguments in this case and those it advanced in City of Los Angeles v. Federal Maritime Commission, 128 U.S.App.D.C. ——, 385 F.2d 678 (September 15, 1967).

The Commission's order permitted an inquiry into particular factual matters, including those referred to in petitioner's protest as reasons for disapproval. Although in one reference the order speaks of the investigation as relating to the question of discrimination between ports arising from the allegedly non-compensatory rental fees, the order must be read in the light of its preamble which makes clear that the Commission was deciding only the issue of law that did not turn on any facts, leaving other issues open. If the hearing was unduly restricted by the Examiner, it may have to be reopened —a point not now before us. If petitioner feels that in proceedings heretofore conducted it has been denied an opportunity to present testimony or otherwise ventilate critical and disputed facts, it can petition the Commission to reopen the matter. If such a request were arbitrarily denied, the issue would be subject to this Court's review. If the Commission does order an evidentiary hearing on the matters embraced in petitioner's protest, on petitioner's request or otherwise, we have no doubt petitioner would be permitted to participate.

Affirmed.

5. Persian Gulf Outward Freight Conf. v. FMC, 126 U.S.App.D.C. 159, 375 F.2d 335 (1967). Because petitioner's contentions are attacks on the agreements as per se violations of the Act, consideration by the Commission after notice on the basis of written briefs appears both adequate and appropriate. *See* 1 DAVIS, ADMINISTRATIVE LAW TREATISE, § 7.07 (1958). In the absence of express indication to the contrary this course of proceeding without an evidentiary hearing is not deemed in violation of the Administrative Procedure Act, § 15 of the Shipping Act, or the Rules of Practice and Procedure of the Commission.